Ye v. Sessions

BIA
Hom, IJ
A205 301 355

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand eighteen.

PRESENT:
> PIERRE N. LEVAL,
> RAYMOND J. LOHIER, JR.,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

TENGCHANG YE,
> *Petitioner,*

v.                                                    16-1594
                                                      NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:             Gary J. Yerman, Yerman & Jia, LLC,
                            New York, NY.

FOR RESPONDENT:             Chad A. Readler, Acting Assistant
                            Attorney General; Douglas E.
                            Ginsburg, Assistant Director;
                            Timothy Bo Stanton, Trial
                            Attorney, Office of Immigration
                            Litigation, United States
                            Department of Justice,
                            Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Tengchang Ye, a native and citizen of the People's Republic of China, seeks review of an April 21, 2016 decision of the BIA affirming a September 29, 2014 decision of an Immigration Judge ("IJ") denying Ye's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tengchang Ye,* No. A205 301 355 (B.I.A. Apr. 21, 2016), *aff'g* No. A205 301 355 (Immig. Ct. N.Y. City Sept. 29, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA and consider only the adverse credibility determination, which the BIA found dispositive. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on an

2

applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies or omissions in his or his witness's statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. For the reasons that follow, we are unable to conclude that substantial evidence supports the agency's determination that Ye was not credible.

Initially, the agency's adverse credibility determination is entirely based on discrepancies arising from Ye's credible fear interview; the agency did not assess, however, whether the interview record displayed the requisite "hallmarks of reliability." *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009). A credible fear interview warrants "close examination" because it may "be perceived as coercive" or fail to "elicit all of the details supporting an asylum claim." *Id*. at 724-25. That is because "an alien appearing at a credible fear interview has ordinarily been detained since his or her arrival in the United States and is therefore likely to be more unprepared, more vulnerable, and more wary of government officials than an asylum applicant who appears for an interview before immigration authorities well after arrival." *Id.* at 724. Although a credible fear interview can be considered in

3

assessing credibility if "the record of a credible fear interview displays the hallmarks of reliability," *id.* at 725, the agency neither acknowledged this requirement nor assessed the reliability of Ye's credible fear interview record.

Moreover, the agency's adverse credibility determination is based on only one inconsistency involving the substance of Ye's claim: that between his statements at his credible fear interview and his later testimony about whether he was burned, or merely threatened, with a lit cigarette. Ye explained in his application that he misspoke during his credible fear interview, and he testified that the interviewer may have misunderstood him. In his decision, the IJ stated erroneously that, following instructions by the snakeheads, Ye admitted that he lied under oath about being burned with a cigarette. Ye did admit that he lied during his credible fear interview about the dates of his travel to the United States, and averred that he did so because his human trafficker threatened to harm his family if he did not conceal his smuggling information. But Ye did not advance this explanation for the discrepancy in his testimony about being threatened with a lit cigarette. The IJ thus misstated the record when rejecting Ye's explanation and erroneously failed to consider Ye's actual explanation. *Id.* *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d

Cir. 2005) ("Absent a reasoned evaluation of [the applicant's] explanations, the IJ's conclusion that his story is implausible was based on flawed reasoning and, therefore, cannot constitute substantial evidence supporting her conclusion.").

The remaining bases for the credibility determination relate only to the details of Ye's travel to the United States, i.e., whether he used his own passport, and the dates on which he departed China and arrived in the United States. Before the REAL ID Act took effect, we held that date discrepancies "need not be fatal to credibility, especially if the errors are relatively minor and isolated, and do not concern material facts." *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000) (internal citations omitted). Although the REAL ID Act allows an IJ to "rely on *any* inconsistency . . . in making an adverse credibility determination," the "totality of the circumstances" must still support the determination that the applicant is not credible. *Xiu Xia Lin*, 534 F.3d at 167. On appellate review, "[w]e must assess whether the IJ has provided specific, cogent reasons for the adverse credibility finding and whether those reasons bear a legitimate nexus to the finding." *Id*. at 166 (internal quotation marks omitted).

The agency made no attempt to explain why the four-day departure date discrepancy, three-day arrival date

5

discrepancy, and inconsistency about whether Ye travelled on his own passport undermined the entirety of Ye's claim. The agency's failure to supply any reasoning in this regard precludes meaningful review of its analysis. *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("Despite our generally deferential review of IJ and BIA opinions, we require a certain minimum level of analysis from the IJ and BIA opinions denying asylum, and indeed must require such if judicial review is to be meaningful.").

We have additional concerns with the agency's reliance on possible inconsistencies in Ye's travel-related statements. For example, the IJ rejected Ye's explanation for the departure date discrepancy solely because Ye was under oath during his credible fear interview. This finding is in tension with our case law calling for "close examination" of credible fear interview statements because the interview may "be perceived as coercive" and the alien may be "wary of government officials." *Ming Zhang*, 585 F.3d at 724. For similar reasons, the IJ's rejection of Ye's explanation for the passport discrepancy is also troubling. Ye asserted that he concealed information during his credible fear interview at the human trafficker's direction, and under threat from the trafficker. The IJ rejected this explanation on the grounds that Ye was

6

provided with an interpreter, waived the presence of counsel, and was under oath when he made the relevant statements. The IJ's references to an interpreter being present and to Ye waiving the presence of counsel do not clearly relate to Ye's explanation that he lied to prevent his smuggler from acting against his family in China, and do not reflect reasoned consideration of Ye's explanation. *See Xiu Xia Lin*, 534 F.3d at 166; *Cao He Lin*, 428 F.3d at 403. And, as noted above, the mere fact that Ye was under oath during his credible fear interview does not support the wholesale rejection of his explanation. *See Ming Zhang*, 585 F.3d at 724.

In light of the foregoing errors in the agency's credibility analysis, we are unable to conclude that substantial evidence supports its adverse credibility ruling. *See Xiu Xia Lin*, 534 F.3d at 165-67. All but one of the bases for the credibility determination concern Ye's travel to the United States, and the agency did not address the reliability of the credible fear interview or otherwise explain how, viewing the totality of the circumstances, these discrepancies regarding his travel and the single inconsistency regarding whether Ye was burned or merely threatened with burning render the entirety of Ye's claim not credible. *See Poradisova*, 420 F.3d at 77. Ye also argues that the BIA erred by failing to

7

consider whether he independently established a well-founded fear of future persecution and challenges the IJ's alternative non-credibility based rejection of his future persecution claim. But, because the credibility determination was the sole basis for the BIA's denial of relief, only the credibility determination is properly before us. *Xue Hong Yang*, 426 F.3d at 522. Had the adverse credibility determination been supported by substantial evidence, it would have applied to Ye's description of both his past and his current practice of Christianity, and would therefore have afforded a basis for denying Ye's claims based on both past and future persecution. *See Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir. 2006).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and case is REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8